This was an action of debt, on a bond executed by the defendant Floyd; and the other defendants as his sureties, on his being appointed a constable of Chowan County. The plaintiff produced and proved the execution of the bond, and showed that he sued out and placed in the hands of the defendant Floyd an attachment against one Caffee, an absconding debtor; that the same was levied by Floyd on goods and chattels of the defendant therein, sufficient to satisfy the amount of the attachment; that final judgment was regularly had thereon, the goods and chattels condemned, and a venditioni exponas awarded, which was also placed in the hands of the defendant Floyd. (497) Floyd was proved to have been a constable for the said county at the time of the issuing of the attachment and its levy and also at the time the venditioni exponas came to his hands, and for some eleven months afterwards. The defendants then showed that, on the levying of the attachment, Floyd placed the property, by the plaintiff's directions, in the hands of a Miss White, who was a sister of Caffee's wife, and was living in his family; and that on the award of thevenditioni the plaintiff further directed him to let the property remain in her hands until Caffee's return home, he being expected home by his family, and that the constable indulged accordingly. And it was further in evidence that the plaintiff directed the defendant Floyd to permit the property to remain in Miss White's possession until 1 July. The plaintiff then proved that Caffee returned home and remained some four or five days, and went off again, but there was no evidence that Floyd knew of his return or departure; and it was also proved that he again returned and was seen by the defendant Floyd, and remained in Chowan for some weeks. The defendants then proved that, by three freeholders and a justice of the peace, the articles levied on under the attachment and directed to be sold by thevenditioni exponas were assigned to the said Caffee, under the provisions of the act of 1844-5, ch. 32, Ire. Digest. Manual, P. 118. *Page 353 
The assignment was on 14 June, preceding 1 July aforesaid, and after Caffee's second return, and after the seizure under the attachment and the award of the venditioni, and while the latter was in Floyd's possession. On this assignment being made, Floyd abandoned the control of the property.
The plaintiff contended that none of the property was protected from this claim, for two reasons: first, that the property of an absconding debtor was not protected against an attachment, and therefore the act did not apply; secondly, that as the property, which consisted in part of household (498) and kitchen furniture, in addition to beds and bedding, was divested out of the defendant before the assignment, it was therefore not protected under and by virtue of the act. The defendant contended that, under the act aforesaid, the property might be laid off at any time before an actual sale under an execution, notwithstanding a lien by execution or attachment thereon; and that the property, under the circumstances of the case, was protected, and, supposing the evidence to be believed, the jury ought to find for the defendants. Of this opinion was the presiding judge, and he so charged the jury, who found a verdict for the defendants. From the judgment thereon the plaintiff appealed.
The failure to collect the debt is fully accounted for by the facts stated in the case, and we concur in the opinion that the defendants were not liable.
The delay in making sale was by the order of the plaintiff, who directed the goods to be left in charge of Miss White; and, after the debtor returned, he had a right to avail himself of the provisions of the act of the General Assembly passed in 1844, ch. 32 (118 Iredell's Digested Manual). He was, within the words of the statute, "a housekeeper," and notwithstanding the levy, had a right to have the property "laid off and assigned" as the portion to which he was entitled under the provisions of the act. The "poor debtor" is in time if he makes his application and procures the assignment to be made at any time before the property is changed and converted by a sale.
PER CURIAM. Judgment affirmed.
Cited: Schonwald v. Capps, 48 N.C. 343. *Page 354 
(499)